# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Maria Kelly

## DEFENDANTS
Harleysville Mutual Insurance Company, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rahul Munshi, Esquire, Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
munshi@consolelaw.com; 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C § 2000e, et seq. ("Title VII"), 43 P.S. § 951, et seq ("PHRA")
Brief description of cause:
Plaintiff was discriminated and retaliated against based on her sex.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** in excess of $75,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 2/24/17
SIGNATURE OF ATTORNEY OF RECORD X /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __Phoenixville, PA__

Address of Defendant: __355 Maple Ave, PA 19438__

Place of Accident, Incident or Transaction: __355 Maple Ave, PA 19438__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY*:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, __Rahul Munshi__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __2/24/17__     X _____     __307548__
                      Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/24/17__     X _____     __307548__
                      Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Maria Kelly | : | CIVIL ACTION |
| v. | : | |
| Harleysville Mutual Insurance Company, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| 2/24/17 | X _____ | Maria Kelly |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-545-7676 | 215-814-8920 | munshi@consolelaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA KELLY<br>Phoenixville, PA 19460 | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| HARLEYSVILLE MUTUAL<br>INSURANCE COMPANY, INC.<br>355 Maple Avenue<br>Harleysville, PA 19438 | |
| And | |
| HARLEYSVILLE GROUP, INC.<br>355 Maple Avenue<br>Harleysville, PA 19438 | |
| And | |
| NATIONWIDE MUTUAL<br>INSURANCE COMPANY, INC.<br>One Nationwide Plaza<br>Columbus, OH 43215 | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, Maria Kelly, brings this action against her former employers, Haryleysville Mutual Insurance Company, Inc., Harleysville Group, Inc. and Nationwide Mutual Insurance Company, Inc. (collectively, "Defendants"). Defendants intentionally paid Plaintiff less than her male comparators throughout

the course of her thirteen years of employment. Defendants' upper management was aware of the disparity between Plaintiff's pay and that of her male counterparts and did nothing to correct it. Defendants' demographics and organizational culture evidence a bias against female employees.

Defendants retaliated and discriminated against Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

## II.    PARTIES

1. Plaintiff, Maria Kelly, is an individual and a citizen of the Commonwealth of Pennsylvania.

2. Plaintiff is female.

3. Defendant, Harleysville Mutual Insurance Company, Inc., is a Pennsylvania company with a principal place of business at 355 Maple Avenue, Harleysville, PA 19438.

4. Defendant, Harleysville Group, Inc., is a Delaware corporation with a principal place of business at 355 Maple Avenue, Harleysville, PA 19438.

5. Defendant, Nationwide Mutual Insurance Company, Inc., is an Ohio corporation with a principal place of business at One Nationwide Plaza, Columbus, OH 43215.

6. Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

7. At all times material hereto, Defendants employed more than fifteen (15)

employees.

8. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

9. At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

10. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

### III.    JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under Title VII and the PHRA.

12. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

13. The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

14. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

15. On or about November 16, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy

of the EEOC Charge (with personal identifying information redacted).

16. On or about November 30, 2016, the EEOC issued to Plaintiff a Notice of Right to Sue for her Charge of Discrimination. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the notice (with personal identifying information redacted).

17. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.  FACTUAL ALLEGATIONS

18. In or around May 2002, Plaintiff was hired as Government Affairs Counsel at Defendant Harleysville Mutual Insurance Company, Inc. ("HMIC") and Defendant Harleysville Group, Inc. ("HGI").

19. In or around 2003, Plaintiff's title was changed to Assistant Secretary, Assistant General Counsel.

20. In or around 2007, Plaintiff's title changed to Assistant Vice President, Chief Compliance Officer, Assistant General Counsel.

21. In or around 2007, Plaintiff began reporting to David Galloway ("Galloway"), Assistant Vice President, Associate General Counsel, who had been one of Plaintiff's peers until that time.

22. Since June 2008, Plaintiff was the only female attorney employed by Defendants HMIC and HGI within the law department.

23. In or around May 2012, Defendants HMIC and HGI were acquired by Defendant Nationwide Mutual Insurance Company, Inc. ("NMIC").

24. As a result of the merger, Plaintiff was an employee of Defendants HMIC,

4

HGI and NMIC.

25. On or around January 1, 2013, as a result of the merger, Plaintiff's job title changed to Assistant General Counsel and Galloway's title changed to Managing Counsel.

26. Galloway reported to Anne Saxon ("Saxon"), Vice President, Business Operations, Legal at Defendant NMIC.

27. At all times material hereto, Plaintiff performed her duties in a highly competent manner.

28. Throughout the course of her employment with Defendants, Defendants consistently and without any legitimate basis paid Plaintiff considerably less than her male peers.

29. Defendants' upper management were aware of the disparity between Plaintiff's pay and that of her male peers.

30. Defendants failed to increase Plaintiff's pay so that it would be consistent with her male peers.

31. Plaintiff spoke to Galloway and complained of the pay disparity between her and her male counterparts.

32. In or around February 2014, Saxon initially approved a salary increase for Plaintiff.

33. Plaintiff never received the promised salary increase.

34. On or about June 20, 2014, Galloway sent Saxon an email that stated Plaintiff was "a valued and experienced member of the Harleysville legal team" and had "been as valuable to the team as Harleysville's other Assistant General

5

Counsel who earn more pay."

35. During July and August 2014, Galloway contacted Saxon on multiple occasions regarding Plaintiff's salary increase.

36. On or around August 18, 2014, Defendants promoted one of Plaintiff's male peers into a Managing Counsel position for which Plaintiff was significantly more qualified.

37. Plaintiff was not aware of Defendants posting the opening for the Managing Counsel position.

38. Galloway stated that Defendants actually promoted Plaintiff's male peer to the Managing Counsel position in order to "justify his high salary."

39. On or around August 21, 2014, Galloway informed Plaintiff that Defendants were "backpeddling" with regard to Plaintiff's salary increase.

40. On or about August 25, 2014, Galloway informed Plaintiff that Defendants had "changed their position" and Plaintiff would not be receiving a salary increase.

41. In or about March 2015, the less qualified, male peer who had been selected for the Managing Counsel position in August 2014, resigned.

42. In or about April 2015, Defendants posted the opening for the Managing Counsel position.

43. Plaintiff applied for the open Managing Counsel position.

44. In July 2015, Defendants hired Michael Molnar ("Molnar"), a less qualified, external male candidate, for the Managing Counsel position.

45. Plaintiff began reporting directly to Molnar after he was hired.

46. Molnar reported directly to Raymond Waugh ("Waugh"), Assistant Vice President for the Northeastern Region of Nationwide's Property & Casualty operation.

47. Waugh reported directly to Saxon.

48. Plaintiff was the only female attorney reporting to Molnar and Waugh.

49. Defendant's demographics evidenced a bias against female employees. Evidence of the same includes, but is not limited to, the following:

    (a) Defendants had an underrepresentation of women in positions at or above Plaintiff's position;

    (b) All of the attorneys who reported directly to Molnar were male except Plaintiff;

    (c) All of the attorneys who reported to Waugh were male except Plaintiff;

    (d) Defendants' Managing Counsel were predominantly male.

50. During her employment, Plaintiff heard Galloway comment that Nationwide wanted and liked "young bucks" and "young white bucks" for management positions.

51. During an all legal department company meeting in Columbus, Ohio, in or around October 2015, Waugh went out with male attorneys and excluded Plaintiff, the only female attorney, from this gathering.

52. Plaintiff did not find out she was excluded until the following day when Molnar informed her.

53. Plaintiff resigned from Defendants effective October 23, 2015.

## COUNT I - Title VII

54. Plaintiff incorporates herein by reference paragraphs 1 through 53 above, as if set forth herein in their entirety.

55. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

56. Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

57. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

58. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

59. No previous application has been made for the relief requested herein.

## COUNT II - PHRA

60. Plaintiff incorporates herein by reference paragraphs 1 through 59 above, as if set forth herein in their entirety.

61. Defendants, by the above improper and discriminatory and retaliatory acts, have violated the PHRA.

62. Said violations were intentional and willful.

63. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

64. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

65. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

    (a)    declaring the acts and practices complained of herein to be in violation of Title VII;

    (b)    declaring the acts and practices complained of herein to be in violation of the PHRA;

    (d)    enjoining and permanently restraining the violations alleged herein;

    (e)    entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

    (f)    awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

    (g)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

  (h) awarding punitive damages to Plaintiff under Title VII;

  (j) awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

  (k) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

  (l) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: February 24, 2017  BY: _____
Stephen G. Console (36656)
Rahul Munshi (307548)
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 814-8920 (fax)

Attorneys for Plaintiff,
Maria Kelly